IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>**v.**<br><br>**MICHAEL DENNIS,**<br><br>***Defendant.*** | **Case No.: 1:10-cr-00715-JRR** |

**MEMORANDUM OPINION AND ORDER**

Pending now before the court is Defendant Michael Dennis' Motion for Compassionate Release pursuant to 18 U.S.C § 3582(c)(1)(A). (ECF Nos. 103, 113; the "Motion").[1] The court has reviewed all papers; no hearing is necessary.[2] Local Rules 105.6, 207 (D. Md. 2025).

## I. BACKGROUND

Mr. Dennis is an inmate serving a 264-month term of imprisonment. (ECF No. 60.) He is currently housed at FCI Williamsburg, and has served approximately 213 months of his sentence, with a projected release date of November 10, 2030.[3]

On May 7, 2010, the Drug Enforcement Administration ("DEA") and Baltimore City Police executed a search warrant targeting an address listed as Mr. Dennis' residence. (ECF No. 57.) In the search, agents recovered approximately 18.6 grams of heroin, 14.1 grams of cocaine base, multiple firearms, and ammunition. *Id.* Mr. Dennis was apprehended near the residence later that day. *Id.* On November 18, 2010, Mr. Dennis was charged with, *inter alia*, Conspiracy to Possess with Intent to Distribute Cocaine Base and Heroin, in violation of 21 U.S.C. § 846 (Count One); Possession of a Firearm and Ammunition by a Convicted Felon, in violation of 18 U.S.C. 922(g)(1) (Count Four); and Possession of a Firearm in Furtherance of

[1] The court's reference to the Motion includes both Mr. Dennis' motion filed *pro se* and the supplemental motion filed by counsel.
[2] The instant matter was reassigned to the undersigned after the briefing on the instant Motion concluded.
[3] Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/ (last visited August 5, 2026); *see United States v. Garcia*, 855 F.3d 615, 621 (4th Cir. 2017) (noting that courts "routinely take judicial notice of information contained on state and federal government websites").

a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c) (Count Five). (ECF No. 1.)

Mr. Dennis entered a plea of guilty as to these Counts on December 16, 2011. (ECF No. 54.) Pursuant to the Rule 11(c)(1)(C) plea agreement, the parties agreed to, and recommended the court impose, a total term of imprisonment of 264 months. (ECF No. 57.) At sentencing, the court determined the applicable Guidelines range was 292 to 365 months of incarceration and imposed a variant sentence of 264 months in accordance with the parties' agreement and recommendation to the court. (ECF No. 81-3 at 31:6–8).

On March 12, 2021, Mr. Dennis filed a *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), which was supplemented by counsel on November 8, 2021. (ECF Nos. 103, 113.)

## II. LEGAL STANDARD

Ordinarily, "[t]he court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). "However, Congress created an exception to that general rule when 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Brown*, 78 F.4th 122, 128 (4th Cir. 2023) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). Section 3582(c), as amended by the First Step Act, provides in relevant part:

> (c) Modification of an imposed term of imprisonment.—The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
> (A) the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction; . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).

Therefore, when considering a motion for compassionate release, the court "must determine: (1) whether extraordinary and compelling reasons warrant such a reduction; and (2) that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Malone*, 57 F.4th 167, 173 (4th Cir. 2023) (citing 18 U.S.C. § 3582). "Only after this analysis may the district court grant the motion if (3) the relevant 18 U.S.C. § 3553(a) factors, to the extent they are applicable, favor release." *Id.*

## III. ANALYSIS

### A. Exhaustion of Administrative Remedies

Section 603(b) of the First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to permit a defendant to file a motion for compassionate release after the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [after] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The Fourth Circuit has explained:

> [T]he threshold requirement in § 3582(c)(1)(A) is non-jurisdictional and satisfied if a defendant requests the Bureau of Prisons to bring a motion on their behalf and *either* fully exhausts all administrative rights to appeal the Bureau's decision *or* waits 30 days from the date of their initial request to file a motion in the district court.

*United States v. Muhammad*, 16 F.4th 126, 131 (4th Cir. 2021) (emphasis in original).

As this requirement "is not jurisdictional, it may be waived or forfeited." *Id.* at 130 (citing *United States v. May*, 855 F.3d 271, 275 (4th Cir. 2017)). In the instant case, the Government concedes, and the court is satisfied, that Mr. Dennis sufficiently exhausted his administrative rights before filing the present Motion.[4] (ECF No. 118 at p. 5.)

---

[4] A defendant is "not required to exhaust his administrative remedies with the BOP *at all* beyond making the initial request for compassionate release." *United States v. Ferguson*, 55 F.4th 262, 268 (4th Cir. 2022) (emphasis in original), *cert. denied*, 144 S. Ct. 1007 (2024). Here, Mr. Dennis has provided a record of an initial administrative request, which was denied on January 29, 2021, in addition to a copy of a second request submitted on his behalf by counsel, which was denied on June 12, 2021. (ECF Nos. 106, 113-5).

## B. Extraordinary and Compelling Reasons

In general, "the district court enjoys broad discretion in conducting § 3582(c)(1)(A) analysis." *United States v. Jenkins*, 22 F.4th 162, 169 (4th Cir. 2021). Nonetheless, "[e]xtraordinary and compelling reasons," while not defined by Congress, is a "demanding standard," and the "criteria are not empty vessels." *Fernandez v. United States*, 608 U.S. —, 146 S. Ct. 1292, 1302 (2026). As discussed above, a reduction must also be "consistent with applicable policy statements issued by the Sentencing Commission." *Malone*, 57 F.4th at 173 (citing 18 U.S.C. § 3582).

Here, Mr. Dennis argues that compassionate release is warranted on the basis of the length of his sentence, particularly as supplemented by counsel, due to the disparity between the sentence imposed and the sentence he would receive today. (ECF Nos. 103 at p. 9, 113 at p. 6.) Mr. Dennis additionally argues, exclusively in his *pro se* motion, that the conditions of incarceration as a result of the COVID-19 pandemic constitute an extraordinary and compelling basis for relief. (ECF No. 103 at p. 14.)

### *1. Sentencing Disparities*

First, Mr. Dennis contends that the disparity between the sentence he received in 2011 and the sentence he would receive today constitutes an extraordinary and compelling reason to provide the requested relief. (ECF No. 113 at p. 7.) Mr. Dennis argues that were he sentenced today, he would not be subject to career offender designation under the Guidelines, which enhanced his 2011 sentence. *Id.* at 12. Additionally, Mr. Dennis avers that, based on modern prosecutorial trends, he would be charged with fewer offenses at the outset. *Id.* at 10.

Career offender designation requires that "the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). Although Mr. Dennis' violation of 21 U.S.C. § 846 was considered a "controlled substance offense" at the time of sentencing, the Fourth Circuit subsequently held in *United States v.*

*Norman* that a violation of 21 U.S.C. § 846 "does not qualify as a 'controlled substance offense' under the Guidelines." 935 F.3d 232, 237 (4th Cir. 2019). Mr. Dennis therefore argues, and the Government concedes, that his Count One conviction under § 846 "no longer qualifies as a 'controlled substance offense' under U.S.S.G. § 4B1.1(a) . . . thus the Defendant is no longer a Career Offender." (ECF No. 118 at p. 13.)

The Government argues that the change in Mr. Dennis' career offender status cannot serve as a basis for compassionate release as, it contends, *Norman* does not apply retroactively.[5] (ECF No. 118 at p. 17.) Notably, the Supreme Court has subsequently agreed that, at least in the statutory context, a sentencing disparity caused by a nonretroactive sentencing amendment "is neither an 'extraordinary' nor a 'compelling' reason that warrants a reduction in sentence." *Rutherford v. United States*, 608 U.S. —, 146 S. Ct. 1320, 1322 (2026). The Court explained:

> Far from "extraordinary," nonretroactive amendments to criminal penalties are the norm. . . . . a nonretroactive penalty change necessarily creates a disparity between those who receive the benefit and those who do not.
>
> As for "compelling": It is hard to see how Congress's deliberate decision *not* to extend newly reduced penalties to those already sentenced could be a convincing reason that "warrant[s]" a reduction.

*Id.* at 1330-31 (internal citations omitted) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)).

*Rutherford,* however, does not explicitly address whether non-statutory legal developments (like an interpretation of the Guidelines in *Norman*) categorically fail to present extraordinary and compelling circumstances,[6] and the court has not had the benefit of briefing

---

[5] The Government cites *United States v. Brice*, where this court agreed that "non-retroactive changes to sentencing case law" do not "create extraordinary and compelling reasons justifying compassionate release." No. CR SAG-07-0261, 2021 WL 1926713, at *3 (D. Md. May 13, 2021). However, that decision was subsequently vacated and remanded, with the Fourth Circuit "question[ing] the district court's reliance on the nonretroactivity of *Norman* and the relevant Guidelines changes to conclude that the advanced postsentencing legal developments could not satisfy the extraordinary and compelling reasons' standard." *United States v. Brice*, No. 21-6776, 2022 WL 3715086, at *2 (4th Cir. Aug. 29, 2022).

[6] *See id.* at 1331 (declining to "nail down the precise boundaries of the phrase" extraordinary and compelling outside the specific dispute regarding "Congress's nonretroactive change to § 924(c)"); *but see id.* at 1329-30 (discussing resolution of the broader "split" over "whether the disparity created by a nonretroactive change to sentencing law" may amount to an extraordinary and compelling relief basis); *United States v. Bostic*, No. 1:11-

on this issue. Nevertheless, even assuming without deciding that *Rutherford* does not decisively bear on the issue presented here, the court is not persuaded that the asserted disparity caused by the possible change in Mr. Dennis' career offender status warrants compassionate release.

While Mr. Dennis' Guidelines range would be lower than the 22-year sentence he received if he were sentenced to the same offenses today without a career offender status,[7] as Mr. Dennis concedes, he would still face a mandatory minimum sentence of 20 years. (ECF No. 119 at p. 6.) Therefore, there is at most a two-year disparity between the sentence he received and the sentence he would receive today if convicted of the same offenses. Although courts have in some instances considered sentencing disparities as little as two years as extraordinary and compelling, *see United States v. Shaw*, No. 5:15-cr-00025, 2021 WL 3007266, at *5 (W.D. Va. July 15, 2021) (22-month sentencing disparity), it is generally understood that a gross disparity is required to meet the exceptionally high bar of an 'extraordinary and compelling' circumstance. *See United States v. Hinton*, No. 2:15CR80, 2022 WL 988372, at *5 (E.D. Va. Mar. 31, 2022) (finding sentencing disparity of three to six years was not "so drastic that it constitutes an extraordinary and compelling reason for relief"), *aff'd*, No. 22-6420, 2022 WL 3699962 (4th Cir. Aug. 26, 2022).

Further, the Sentencing Commission's policy statement, as amended, explicitly requires a "gross disparity."[8] U.S.S.G. § 1B1.13(b)(6) provides:

---

CR-00033-JMS-KPF-1, 2026 WL 1676109, at *4 n.2 (S.D. Ind. June 10, 2026) (noting that the court's reasoning in *Rutherford* "would apply to other non-retroactive changes in the law outside of the § 924(c) context").

[7] Mr. Dennis' career offender status, combined with his multiple convictions, resulted in an enhanced Guidelines range of 292 to 365 months pursuant to U.S.S.G. § 4B1.1(c). The Government noted in the plea agreement that "the applicable advisory sentencing guideline range pursuant to U.S.S.G. § 4B1.1(c)(3) . . . is 292 to 365 months." (ECF No. 57, at p. 5.) If Mr. Dennis was not designated a career offender, he would still presumably be subject to an armed career criminal designation (and no party has asserted to the contrary), with a corresponding minimum offense level of 31 and criminal history category of V pursuant to U.S.S.G. § 4B1.4(b)(3)(B) and § 4B1.4(c)(1). With this calculation, he would receive a Guidelines range of 168 to 210 months. U.S.S.G. Ch. 5 Pt. A.

[8] Notably, many cases such as *Shaw* were based on a version of the policy statement "that has since been amended, effective November 1, 2023." *See United States v. Gross*, No. 1:02-CR-00201-JRR-1, 2023 WL 8716878, at *6 (D. Md. Dec. 18, 2023). Prior to that amendment, the policy statement was not considered binding on motions filed by the defendant, as opposed to motions filed on the defendant's behalf by the Bureau of Prisons. *See United*

> (6) Unusually Long Sentence. – If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6).[9] Accordingly, the Fourth Circuit has reasoned that "[i]f the intervening change in law would not produce a gross disparity, a defendant cannot rely on the change in law as an extraordinary and compelling reason for release." *United States v. Davis,* 99 F.4th 647, 654 (4th Cir. 2024). Here, the court does not find a potential two-year disparity to constitute the sort of gross disparity necessary to amount to an extraordinary and compelling reason for release "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).

In addition to the potential change in Mr. Dennis' career offender status, Mr. Dennis asserts that if sentenced today, he would be sentenced below the statutory minimum for his offenses because a contemporary prosecutor "would not have included duplicative charges"— referring to Mr. Dennis' charges at Counts Four and Five. (ECF No. 113 at p. 10.) Mr. Dennis notes that his sentence "exceeds the average sentence" for murder, and he cites a number of cases to demonstrate that, based on modern sentencing trends, defendants today "routinely receive less than half the sentence imposed on Mr. Dennis" for similar conduct. *Id.* at 3, 7.

---

*States v. Mccoy*, 981 F.3d 271, 281 (4th Cir. 2020); *Shaw*, 2021 WL 3007266, at *4 (finding policy statement "unpersuasive and not binding on the court.") Additionally, some ambiguity remained even following the 2023 amendment as to whether the amendment applied to defendants who filed motions, or who were sentenced prior to, November 1, 2023. *See Gross*, 2023 WL 8716878, at *6 (discussing different approaches to applicability of the policy statement). However, the Fourth Circuit has since clarified that the policy statement is applicable in all cases. *United States v. Crawley*, 140 F.4th 165, 170 (4th Cir. 2025) ("District courts deciding motions for compassionate release after November 1, 2023, should apply § 1B1.13 when rendering their decisions.").

[9] *Rutherford* held U.S.S.G. § 1B1.13(b)(6) invalid only "to the extent that" it contradicts the "statutory text and structure" of "Congress's nonretroactive change to § 924(c)" by endorsing that nonretroactive statutory change as a basis for compassionate release. 146 S. Ct. at 1355. Assuming that *Rutherford* therefore only explicitly bars nonretroactive statutory changes in the compassionate release context, U.S.S.G. § 1B1.13(b)(6) would still apply as to other changes in law.

Disparities between a defendant's sentence and sentencing averages have in some cases factored into compassionate release analysis, however, they need not be given much weight. *See United States v. Moody*, 115 F.4th 304, 311-12 (4th Cir. 2024) (affirming denial of compassionate release despite disparity between the 360-month sentence imposed for manufacture and distribution of methamphetamine and the average 285-month sentence for murder, noting that a "sentencing disparity alone can't dictate the court's analysis") (quoting *United States v. McCoy*, 981 F.3d 271, 286 (4th Cir. 2020), *abrogated on other grounds by Rutherford v. United States*, 146 S. Ct. 1320 (2026)).

Similarly, while courts have in some cases considered that a defendant "would have been charged differently under modern standards" in the compassionate release context, *see United States v. Linton*, Crim. No. JKB-98-258, ECF No. 471, at 4 (D. Md. Sept. 27, 2021),[10] courts more generally focus on the sentence a defendant would receive if charged or "convicted of identical offenses today." *See United States v. Harris*, No. CR SAG-05-61, 2022 WL 2916376, at *3 (D. Md. July 25, 2022), *aff'd*, No. 22-6904, 2024 WL 809691 (4th Cir. Feb. 27, 2024); *United States v. Stewart*, No. 5:13-CR-00019, 2024 WL 4860809, at *11 (W.D. Va. Nov. 21, 2024) (discussing same).

Broader sentencing and prosecutorial trends are less persuasive in the compassionate release context particularly to the extent they are abstracted away from the "individualized assessment of the facts and circumstances presented by the particular defendant." *See United States v. Hawes*, 309 F. App'x. 726, 735 (4th Cir. 2009) (emphasis omitted). As the Supreme Court has noted, the "heartland of compassionate release" lies in "a prisoner's personal

---

[10] Mr. Dennis also directs the court's attention to *United States v. Jenkins*, No. CR DKC 12-0043, 2021 WL 5140198 (D. Md. Nov. 4, 2021). Although that case considered the "disparity with current national trends and sentences imposed more recently for even more aggravated conduct," as well as the fact that "prosecutors and courts have taken a more lenient stance," those reasons supplemented the defendant's serious medical conditions, age, and need to care for his ill 87- and 92-year old parents. *Id.* at *4.

circumstances," *Rutherford*, 146 S. Ct. at 1331, not in "righting legal wrongs."[11] *Fernandez*, 146 S. Ct. at 1303.

Here, the fact that Mr. Dennis would today possibly receive a significantly lower sentence for different charges is significantly more attenuated and less persuasive than, *e.g.*, a claim that he would receive a lower sentence for the same offenses. The court is not persuaded this presents an extraordinary or compelling circumstance here. [12]

***2. COVID-19***

Finally, Mr. Dennis submits that the COVID-19 pandemic "obliterated" educational and therapeutic programming that could have rehabilitated him, ECF No. 103 at p. 14., and that he has been required to quarantine for extended periods in order to be transferred to a new facility at least four times, subjecting him to "nearly six months in what is essentially solitary confinement." (ECF No. 113 at p. 25.) Mr. Dennis argues these isolation requirements associated with the COVID-19 pandemic constitute an extraordinary and compelling reason for relief.[13] (ECF No. 103 at p. 14.)

"[S]imply being incarcerated during the COVID-19 pandemic—absent aggravating factors like acute health problems, a particularly severe outbreak in one's facility, and other circumstances unrelated to the virus—is not so inherently punitive that it merits early release." *United States v. Richardson*, No. CR JKB-09-0288, 2025 WL 2173452, at *5 (D. Md. July 31,

---

[11] *Rutherford* also concluded that an assertion that a mandatory minimum is "unduly harsh" cannot constitute an extraordinary and compelling reason for relief, as "[t]reating the severity of a mandatory penalty as a reason for compassionate release rejects Congress's judgment that the punishment fits the crime." *Rutherford*, 146 S. Ct. at 1334. Although not determinative, the court observes that, because 20 years of Mr. Dennis' 22-year sentence is statutorily mandated per 8 U.S.C. § 924(c) and 18 U.S.C. § 924(e), his argument problematically "[t]reats the severity of [his] mandatory penalty as a reason for compassionate release."

[12] The court is similarly not persuaded by Mr. Dennis' argument that an extraordinary and compelling circumstance arises because a judge today may be persuaded or inclined to grant a greater downward variance than he received, ECF No. 113 at p. 14, especially considering the maximum two-year additional variance he could receive to reach the mandatory minimum sentence.

[13] Mr. Dennis also argues he has been infected with COVID-19 during his incarceration. (ECF No. 103 at p. 16.) He does not suggest, however, he has suffered or is susceptible to severe illness.

2025); *see United States v. Foreman*, No. CR JKB-11-0398, 2025 WL 2402612, at *4 n.1 (D. Md. Aug. 19, 2025) (same), *aff'd,* No. 25-6739, 2025 WL 3720762 (4th Cir. Dec. 23, 2025).

Here, the carceral conditions experienced by Mr. Dennis during the COVID-19 pandemic do not constitute an extraordinary and compelling reason for relief. Although the court is not indifferent to the significant isolation Mr. Dennis experienced, he does not indicate or suggest any particular susceptibility to severe illness, and fails to demonstrate that the loss of programming or quarantine is retrospectively "sufficiently unusual and convincing" to justify release. *Rutherford v. United States*, 146 S. Ct. 1320, 1322 (2026); *see also, e.g.*, *United States v. Beasley*, No. CR 18-128-BLG-SPW, 2024 WL 1241084, at *2 (D. Mont. Mar. 22, 2024) (noting "a potential lack of programming due to the restrictions BOP believed [necessary] to stop the spread of COVID-19" is not an extraordinary and compelling reason warranting early release); *United States v. Logston*, No. 121CR00228JMSMJD01, 2024 WL 263232, at *4 (S.D. Ind. Jan. 24, 2024) (discussing same); *United States v. Camarill*o, No. 19-CR-20343, 2020 WL 4677310, at *3 (S.D. Fla. Aug. 12, 2020) (same).

Finding that Mr. Dennis does not demonstrate extraordinary and compelling reasons for relief, the court need not reach the question of whether the 18 U.S.C. § 3553(a) sentencing factors support relief. *See Malone*, 57 F.4th at 173, *supra*.

## IV. CONCLUSION AND ORDER

Accordingly, for the foregoing reasons, it is this 25th day of August 2026,

**ORDERED** that the Mr. Dennis' Motion (ECF Nos. 103, 113) shall be, and is hereby, **DENIED**; and further it is

**ORDERED** that the Motion to Seal (ECF No. 115) shall be, and is hereby, **GRANTED**.

Madam Clerk is directed to transmit a copy of this memorandum opinion and order to Mr. Dennis and counsel of record.

/S/

Julie R. Rubin
United States District Judge